# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FIDELIS I. OMEGBU,**

      **Plaintiff,**

v.                                                                                       Case No.     05-C-596

**STATE OF WISCONSIN ELECTIONS BOARD,
MILWAUKEE COUNTY, MILWAUKEE COUNTY
DISTRICT ATTORNEY'S OFFICE, MILWAUKEE
COUNTY HOUSE OF CORRECTION, MILWAUKEE
COUNTY SHERIFF'S DEPARTMENT, MILWAUKEE
COUNTY CLERK OF COURT,**

      **Defendants.**

## DECISION AND ORDER

On June 1, 2005, Fidelis I. Omegbu ("Omegbu") filed his *pro se* complaint and his Petition and Affidavit for Leave to Proceed in Forma Pauperis. On June 6, 2005, the Court received Omegbu's Request for Substitution of Judge.

Omegbu's complaint arises out of the Defendants' actions in filling a Milwaukee County executive position vacancy. Omegbu contests the legality of those procedures that the County implemented to fill that vacancy. He also disputes the legality of his prosecution under state law for election fraud. His complaint contains seven counts, which the Court now attempts to summarize.

In Count I of his complaint, Omegbu asserts that Wisconsin law requires officials to provide at least 30 days for potential office-seekers to circulate nomination papers. The Defendants, he argues, allowed only six days for circulation. Omegbu also states that he was wrongfully disqualified from the election. Count II of the complaint alleges disparate treatment based on Omegbu's national origin. Specifically, Omegbu contends that his prosecution for felonious election fraud evinces selective prosecution and was motivated by ethnic discrimination. Count III alleges defamation arising out of reports in the media of Omegbu's prosecution for election fraud. Count IV states that Omegbu was incarcerated beyond the time mandated by his sentence for election fraud. Count V of the complaint alleges a breach of prospective employment contract. Though unclear, Omegbu apparently bases this claim on the Defendants' actions, which thwarted his ability to run for the vacant executive county post. In Count VI, Omegbu seems to be arguing that his arrest for a battery as well as the aforementioned election fraud charges led to a loss of domicile and employment. Seventh, and finally, Omegbu brings a claim for infliction of emotional distress. The paragraphs supporting this seventh claim ostensibly have no relation to a claim for emotional distress and, frankly, seem to border on legal gibberish.

To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to

2

state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2).

The Court has reviewed Omegbu's petition and affidavit for leave to proceed *in forma pauperis*. Omegbu identifies disability payments as a source of income, but has failed to list the amount he receives therefrom. Similarly, though he identifies outstanding legal fees, he has failed to identify the amount of such debt that he owes. Omegbu has also failed to quantify those contributions he makes to support his son. Absent this information, the Court is unable to determine whether Omegbu is able to pay the filing fee for his action.

Insofar as Omegbu has failed to establish his indigence, the Court will refrain from considering his Motion for Substitution until Omegbu has paid the filing fee for his action or submitted an amended application for leave to proceed *in forma pauperis*.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Omegbu's Petition and Affidavit for Leave to Proceed in Forma Pauperis is **DENIED** without prejudice.

If the filing fee for the present action has not been paid by August 15, 2005, or if an amended petition and affidavit for leave to proceed *in forma pauperis* has not been received by that date, Omegbu's action will be dismissed without prejudice.

Dated at Milwaukee, Wisconsin this 14th day of July, 2005.

                                      **BY THE COURT**

                                      s/ Rudolph T. Randa
                                      **Hon. Rudolph T. Randa
                                      Chief Judge**