# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FIDELIS I. OMEGBU,**

      **Plaintiff,**

v.                               Case No.    05-C-596

**STATE OF WISCONSIN ELECTIONS BOARD,
MILWAUKEE COUNTY, MILWAUKEE COUNTY
DISTRICT ATTORNEY'S OFFICE, MILWAUKEE
COUNTY HOUSE OF CORRECTION, MILWAUKEE
COUNTY SHERIFF'S DEPARTMENT, MILWAUKEE
COUNTY CLERK OF COURT,**

      **Defendants.**

## DECISION AND ORDER

On June 1, 2005, Fidelis I. Omegbu ("Omegbu") filed his *pro se* complaint. In his complaint, Omegbu explains that, in 2002, a recall was initiated against the holder of a Milwaukee County public office. That officer ultimately resigned and a special election was organized to fill the vacancy. Omegbu attempted to run for that position but encountered various obstacles–most notably his arrest and conviction for electioneering fraud. Omegbu contends that the handling of the recall and special election procedures were faulty and his prosecution unconstitutional.

On September 22, 2005, Omegbu filed a motion to amend his complaint. Up to this point, the Defendants have filed only a motion to dismiss. Thus, no responsive pleading has

been filed and, pursuant to Rule 15 of the Federal Rules of Civil Procedure, Omegbu is allowed to amend his complaint once as a matter of right. Fed. R. Civ. P. 15 ("[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir. 1984) ("It is well settled in this circuit that a motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15(a)."). Thus Omegbu's motion to amend his complaint is moot.

In his motion, Omegbu explains that he has removed a count from his original complaint and, in his amended pleading, substituted a count pursuant to 28 U.S.C. §§ 2241 & 2254. Omegbu cannot add a count for a writ of habeas corpus because he is not currently in custody. That enormous substantive stumbling block aside, habeas petitions are directed against the state officer who has custody of the prisoner, i.e., the warden of the prisoner's facility. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Omegbu's amended complaint names no such party. Thus, the Court, *sua sponte*, dismisses Count 7 of Omegbu's amended complaint. *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) ("*Sua sponte* 12(b)(6) dismissals are permitted, provided that a sufficient basis for the court's action is evidence from the plaintiff's pleading.").

Finally, the Court notes that Omebgu has given no indication that his recent filing was sent to his adversary. When granting Omegbu IFP status, the Court stated:

> Omegbu is hereby notified that, from now on, he is required, under Fed. R. Civ. P. Rule 5(a), to send a copy of every paper or document filed with the

2

Court to the Defendants or the Defendants' attorney(s). Omegbu should also retain a personal copy of each document. If he does not have access to a photocopy machine, Omegbu may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to each respondent or to the respondent's attorney.

*Omegbu v. Wisconsin*, No. 05-C-596, at 7 (E.D. Wis. Aug. 5, 2005). The Court accepts Omegbu's amended complaint, but warns him that future failures to comply with the above requirements will result in the rejection of his filings.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Omegbu's Motion to Amend Pleadings Under Civil L.R. 15.1 (Docket No. 16) is **DISMISSED** as moot.

Count 7 of Omegbu's Amended Complaint is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 26th day of September, 2005.

> BY THE COURT
>
> s/ Rudolph T. Randa
> **Hon. Rudolph T. Randa**
> **Chief Judge**