# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FIDELIS I. OMEGBU,**

    **Plaintiff,**

v.                  **Case No.  05-C-596**

**STATE OF WISCONSIN ELECTIONS BOARD,
MILWAUKEE COUNTY, MILWAUKEE COUNTY
DISTRICT ATTORNEY'S OFFICE, MILWAUKEE
COUNTY HOUSE OF CORRECTION, MILWAUKEE
COUNTY SHERIFF'S DEPARTMENT, MILWAUKEE
COUNTY CLERK OF COURT, AEGIS CORPORATION,**

    **Defendants.**

## DECISION AND ORDER

On June 1, 2005, Fidelis I. Omegbu ("Omegbu") filed his original *pro se* complaint, which was amended on September 22, 2005. In his amended complaint, Omegbu explains that, in 2002, a recall was initiated against the holder of a Milwaukee County public office. That officer ultimately resigned and a special election was organized to fill the vacancy. Omegbu attempted to run for that position but encountered various obstacles–most notably his arrest and conviction for electioneering fraud. Omegbu contends that the handling of the recall and special election procedures were faulty and his prosecution unconstitutional. On September 27, 2005, this Court received Omegbu's motion for summary judgment on Count

I of his complaint.[1] The Court, however, will not reach the substantive merits of Omegbu's motion because he has failed to comply with this Court's local rules as well as its explicit instructions as set forth in a previously issued order.

Though he is proceeding *in forma pauperis* and *pro se*, Omegbu is not exempt from complying with this Court's local rules. *See Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). And, those rules require that a summary judgment movant's papers "include either (1) a stipulation of facts between the parties, or (2) the movant's proposed findings of fact supported by specific citations to evidentiary materials in the record (e.g., pleadings, affidavits, depositions, interrogatory answers, or admissions), or (3) a combination of (1) and (2)." Civil L.R. 56.2 (E.D. Wis.). The numbered points in Omegbu's motion contain only legal conclusions and citations to Wisconsin Statutes. As such, no supported facts have been properly placed before this Court for consideration.

Omegbu must follow the Federal Rules of Civil Procedure as well as this Court's local rules. These rules require that Omegbu send a copy to his adversary of any document filed with the Court. In fact, the Court made this instruction explicit in its order granting Omegbu permission to proceed IFP. The Court stated:

> Omegbu is hereby notified that, from now on, he is required, under Fed. R. Civ. P. Rule 5(a), to send a copy of every paper or document filed with the Court to the Defendants or the Defendants' attorney(s). Omegbu should also

---

[1] Omegbu's document is entitled "Plaintiff's Summary Judgment/Declaratory Judgment Motion on Count 1: Againsgt [sic] State of Wisconsin Election Board, County of Milwaukee, and the Milwaukee County Clerk, Mr. Ryan: For 6 days Nomination Papers Cirulation [sic]." Insofar as Omegbu's complaint does not contain a count for declaratory judgment, the Court construes the instant motion as one for summary judgment alone.

2

retain a personal copy of each document. If he does not have access to a photocopy machine, Omegbu may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to each respondent or to the respondent's attorney.

*Omegbu v. Wisconsin*, No. 05-CV-596 (E.D. Wis. Aug. 5, 2005). Yet, there is no certificate of service or other indication that a copy of Omegbu's motion has been sent to the Defendants in this case.

The Court warns Omegbu that future failure to comply with the Federal Rules of Civil Procedure or this Court's local rules may result in the imposition of sanctions including the dismissal of his action. Furthermore, the Court may not consider the substance of any motion that fails to comply with these rules.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Omegbu's motion for summary judgment (Docket No. 18) is **STRICKEN**.

Dated at Milwaukee, Wisconsin this 3rd day of October, 2005.

BY THE COURT

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**