# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FIDELIS I. OMEGBU,**

        **Plaintiff,**

v.                                **Case No.    05-C-596**

**STATE OF WISCONSIN ELECTIONS BOARD,
MILWAUKEE COUNTY, MILWAUKEE COUNTY
DISTRICT ATTORNEY'S OFFICE, MILWAUKEE
COUNTY HOUSE OF CORRECTION, MILWAUKEE
COUNTY SHERIFF'S DEPARTMENT, MILWAUKEE
COUNTY CLERK OF COURT,**

        **Defendants.**

## DECISION AND ORDER

On June 1, 2005, Fidelis I. Omegbu ("Omegbu") filed his original *pro se* complaint, which was amended on September 22, 2005. In his amended complaint, Omegbu explains that, in 2002, a recall was initiated against the holder of a Milwaukee County public office. That officer ultimately resigned and a special election was organized to fill the vacancy. Omegbu attempted to run for that position but encountered various obstacles–most notably his arrest and conviction for electioneering fraud. Omegbu contends that the recall and special election procedures were faulty and his prosecution unconstitutional. On January 5, 2006, the Court received a motion, from certain of the named Defendants, asking the Court

to stay discovery and pre-trial proceedings in this action until the Court adjudicates their pending motion to dismiss.

Civil Local Rule 7.1 provides a 21-day time period for responding to motions. The Defendants mailed Omegbu a copy of their motion, and, therefore, the Court adds three days to the prescribed period for responding. *See* Fed. R. Civ. P. 6(e). Omegbu's response to the motion to stay was due no later than January 30, 2006.[1] That day, however, has come and gone; Omegbu has not responded. Thus, the Court considers the Defendants' motion to stay unopposed.

The Defendants, in the brief supporting their motion, contend that a stay is proper because their motion questions the Court's jurisdiction and raises immunity issues. These arguments have merit. The Court will usually stay proceedings until jurisdictional issues have been fully resolved. Furthermore, the Defendants are correct in their assertion that the progression of a case, including discovery, may thwart the protections afforded by an immunity defense. *See Landstrom v. Ill. Dep't of Child and Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990). Because the imposition of a stay is proper to resolve these pending issues and because Omegbu has not contested their request, the Defendants' motion to stay is granted.

---

[1] The actual deadline for responding fell on a Sunday (January 29, 2006). Rule 6(a) of the Federal Rules of Civil Procedure states that "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days." Fed. R. Civ. P. 6(a).

2

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Motion to Stay Discovery and Pre-Trial Proceedings Pending Disposition of the Motion to Dismiss on Behalf of Defendants State of Wisconsin Elections Board, Milwaukee County District Attorney's Office, District Attorney McCann and Assistant District Attorney Mahoney (Docket No. 40) is **GRANTED**.

The Scheduling Conference previously scheduled for February 28, 2006 is **CANCELLED.** Once the pending motions to dismiss are adjudicated, the Court will contact the parties, if necessary, to arrange a scheduling conference.

Dated at Milwaukee, Wisconsin this 6th day of February, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**

3

Case 2:05-cv-00596-RTR   Filed 02/06/06   Page 3 of 3   Document 48