# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FIDELIS OMEGBU,

                     Plaintiff,

                                                    **Case No. 05-C-596**

        **-vs-**

STATE OF WISCONSIN ELECTIONS BOARD,
MILWAUKEE COUNTY, MILWAUKEE COUNTY
DISTRICT ATTORNEY'S OFFICE, MILWAUKEE
COUNTY HOUSE OF CORRECTION, MILWAUKEE
COUNTY SHERIFF'S DEPARTMENT, MILWAUKEE
COUNTY CLERK OF COURT,

                     Defendant.

# DECISION AND ORDER

This matter comes before the Court on a motion to dismiss filed by the following defendants: (1) State of Wisconsin Elections Board, (2) Milwaukee County District Attorney's Office, (3) Milwaukee County District Attorney Michael McCann, and (4) Milwaukee County Assistant District Attorney Mahoney (the State Defendants). The remaining defendants (Milwaukee County, Milwaukee County House of Corrections, Milwaukee County Sheriff's Department, and Milwaukee County Clerk of Court) have filed a separate answer to the complaint. (Docket No. 28). The Court previously issued a stay in this matter pending resolution of the instant motion. (Docket No. 48).

The *pro se* plaintiff, Fidelis Omegbu ("Omegbu"), attempted to run for public office in Milwaukee County but was arrested and convicted for electioneering fraud. In a previous

order, the Court discerned the following claims for relief: (1) violation of Wisconsin law which requires officials to provide at least 30 days for potential office-seekers to circulate nomination papers, (2) selective prosecution motivated by ethnic discrimination, (3) defamation arising out of reports in the media regarding Omegbu's prosecution for election fraud, (4) improper takings of Omegbu's funds and property during his incarceration, (5) breach of a prospective employment contract, (6) adverse effect or damage to his reputation leading to loss of his employment and home, and (7) intentional infliction of emotional distress. Omegbu later amended his complaint, making changes that are irrelevant to the Court's disposition of this motion.

The District Attorney's Office must be dismissed as a matter of law because it is not a suable entity. *See Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 679 (E.D. Wis. 1999) ("Kenosha District Attorney's Office" is not a suable entity).

Alternatively, the District Attorney's Office and the Elections Board are also entitled to immunity under the Eleventh Amendment. The States' immunity from suit "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution . . ." *Alden v. Maine*, 527 U.S. 706, 713 (1999). This immunity extends to States and their agencies. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993). The Milwaukee County District Attorney's Office is a prosecutorial unit created by the Wisconsin State Legislature. *See* Wis. Stat. § 978.01(1). The District Attorney's budget is managed by the State of Wisconsin Department of Administration. *See* Wis. Stat. § 978.05(9). District Attorneys and Assistant District Attorneys are state

-2-

employees, not county employees, employed by the state in the unclassified service. *See Brown County Attys Ass'n v. Brown County*, 169 Wis. 2d 737, 740, 487 N.W.2d 312 (1992); Wis. Stat. § 230.08(2)(a) and (sg). Similarly, the Elections Board is a state agency created by state government through the Wisconsin Legislature. *See* Wis. Stat. § 15.61 (Elections Board creation).

Finally, to the extent Omegbu attempts to proceed against individual prosecutors (*i.e.*, District Attorneys McCann and Mahoney), he cannot do so because a prosecutor has absolute immunity for initiating a prosecution and presenting the state's case. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity exists even when a prosecutor proceeds with an evil or malicious motive; thus, Omegbu's claim for selective prosecution cannot stand against District Attorneys McCann and Mahoney. *See Bernard v. County of Suffolk*, 356 F.3d 495, 505 (2d Cir. 2004) ("regardless of defendants' political motives, absolute immunity shields them from suit pursuant to § 1983 for their alleged malicious *or selective prosecution* of plaintiffs") (emphasis added); *Newsome v. McCabe*, 256 F.3d 747, 749 (7th Cir. 2001) ("Absolute immunity forecloses any action against the prosecutors and judges . . .")..

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1.     The State Defendants' motion to dismiss [Docket Nos. 12, 21 and 26] is **GRANTED**. The State of Wisconsin Elections Board, the Milwaukee County District Attorney's Office, Milwaukee County District Attorney Michael McCann, and Milwaukee

-3-

County Assistant District Attorney Mahoney are **DISMISSED** from this action with prejudice. The Clerk is directed to amend the caption accordingly;

2. The **STAY** in this matter is hereby **VACATED**;

3. The remaining defendants (Milwaukee County, Milwaukee County House of Corrections, Milwaukee County Sheriff's Department, and Milwaukee County Clerk of Court), as well as the plaintiff, are notified pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **April 3, 2006** at **9:30 a.m** (Central Time). Please be available at that time. The Court will initiate the call.

4. The purpose of the conference call will be to establish a Scheduling Order which will limit the time:

    a. to join other parties and to amend the pleadings;

    b. to file motions; and

    c. to complete discovery;

5. The Scheduling order may also include:

    a. modifications of the times for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted;

    b. the date or dates for conferences before trial, a final pretrial conference, and trial; and

    c. any other matters appropriate in the circumstances of the case.

-4-

6.    The time limitations set forth in the Scheduling Order shall not be modified except upon showing of good cause and by leave of the Court. Fed. R. Civ. P. 16(b)(6).

7.    Special attention should be given to Rule 26(f), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rule 26 also mandates that the parties, within fourteen (14) days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in subsections (1)-(6) of Rule 26(f), the Court requests that the proposed discovery plan submitted by the parties include a very brief statement of the nature of the case, lasting no more than several sentences.

Dated at Milwaukee, Wisconsin, this 1st day of February, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**

-5-