# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FIDELIS OMEGBU,**

                Plaintiff**,**

                                                      **Case No. 05-C-596**

      -vs-

**MILWAUKEE COUNTY, MILWAUKEE COUNTY
HOUSE OF CORRECTION, MILWAUKEE
COUNTY SHERIFF'S DEPARTMENT,
MILWAUKEE COUNTY CLERK OF COURT,**

                Defendants.

## DECISION AND ORDER

This matter comes before the Court on cross-motions for summary judgment. The *pro se* plaintiff, Fidelis Omegbu ("Omegbu"), attempted to run for public office in Milwaukee County but was arrested and convicted for electioneering fraud. For the reasons that follow, this case will be dismissed, but not for any of the reasons in either party's motion for summary judgment.[1]

In a previous order, the Court dismissed Omegbu's claims against the State of Wisconsin Elections Board, the Milwaukee County District Attorney's Office, Milwaukee County District Attorney Michael McCann, and District Attorney Mahoney. The remaining defendants are captioned above: Milwaukee County, Milwaukee County House of

---

[1] Mr. Omegbu's motion is completely without merit – it reads like a treatise on federal procedure, not a proper motion for summary judgment. The County's motion contains only five proposed findings of fact, and the brief concentrates mainly on the reasons some of the state law claims should be dismissed as a matter of law. Neither party substantively responded to the opposing summary judgment motions.

Correction, Milwaukee County Sheriff's Department, and the Milwaukee County Clerk of Court.

Pursuant to an Amended Complaint [D. 31], Omegbu alleges six claims for relief: (1) violation of state election laws by imposing a six day deadline for circulation of nomination papers; (2) selective prosecution on account of race or ethnicity; (3) defamation; (4) false imprisonment; (5) breach of prospective employment contract; and (6) "Violation of Civil Rights of Plaintiff due to Political Pressure, the Charge of Election Fraud, Misrepresentation of Plaintiff's to the Media, and Numerous False Imprisonment Resulting from False Election Fraud Imprisonment."[2]

As the Court observed in one of its initial orders in this case, "at least one claim in Omegbu's complaint may provide a basis for relief: that the Milwaukee County District Attorney selectively prosecuted him because of his race or ethnicity." (D. 5).[3] However, the Milwaukee County District Attorney has already been dismissed as a defendant in this case. (D. 57). Importantly, the District Attorney's Office is a prosecutorial unit created by the Wisconsin State Legislature and managed by the State of Wisconsin Department of Administration. *See* Wis. Stat. § 978.01(1); § 978.05(9); D. 57. District Attorneys and Assistant District Attorneys are state employees, not county employees. *See Brown County Attys Ass'n v. Brown County*, 169 Wis. 2d 737, 740 (1992).

---

[2] Omegbu's Amended Complaint alleges a seventh claim for habeas relief, which the Court previously dismissed. (D. 17).

[3] Omegbu is of Nigerian descent.

Therefore, as a matter of law, Mr. Omegbu does not and cannot state a claim for selective prosecution against the remaining defendants, which are all part of Milwaukee County. Milwaukee County was not responsible for the ultimate decision to prosecute Mr. Omegbu. Stated another way, Milwaukee County could not have caused the injuries that Omegbu alleges occurred as a result of his wrongful prosecution. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 694 (1978) (counties are liable only for acts for which the entity itself is responsible, meaning acts the entity has embraced as policy or custom).

The remainder of Omegbu's claims are state law claims, so as a matter of law, there are no federal claims properly before this Court.[4] Generally, a federal court should dismiss pendent state law claims without prejudice if the federal claims are resolved before trial. *See Redwood v. Dobson*, 476 F. 3d 462, 467 (7th Cir. 2007); 28 U.S.C. § 1367(c)(3). Therefore, Omegbu's state law claims against the County defendants, such as they are, will be dismissed without prejudice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Omegbu's claim for selective prosecution against Milwaukee County, Milwaukee County House of Correction, Milwaukee County Sheriff's Department, and Milwaukee County Clerk of Court is **DISMISSED** as a matter of law;

---

[4] Omegbu does make general references to "civil rights" and "constitutional rights" in other portions of his complaint. Even construing his *pro se* complaint liberally, the Court cannot discern any other federal claims for relief. Nor has Mr. Omegbu articulated any coherent federal claims during the course of this litigation.

2.	Omebgu's remaining claims against Milwaukee County, Milwaukee County House of Correction, Milwaukee County Sheriff's Department, and Milwaukee County Clerk of Court are **DISMISSED** without prejudice;

3.	Omegbuy's motion to strike [D. 140] is **DENIED**; and

4.	This matter is **DISMISSED** in its entirety. The Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2008.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**